UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERISA HUDSON, individually and on behalf of all other persons similarly situated who were employed by ST. JOSEPH'S HOSPITAL HEALTH CENTER; TRINITY HEALTH CORPORATION and/or TRINITY HEALTH, and/or any other entities affiliated with or controlled by ST. JOSEPH'S HOSPITAL HEALTH CENTER; TRINITY HEALTH CORPORATION and/or TRINITY HEALTH,<br><br>                                              Plaintiffs,<br>             -against-<br><br>ST. JOSEPH'S HOSPITAL HEALTH CENTER; TRINITY HEALTH CORPORATION and/or TRINITY HEALTH, and any related entities,<br><br>                                              Defendants. | Docket No.:<br>5:21-CV-935 (GLS/TWD)<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE ACTION<br><br>and<br><br>CLASS ACTION |

Plaintiff Terisa Hudson (the "Named Plaintiff"), by her attorneys Gattuso & Ciotoli, PLLC; and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §142-2.2 to recover unpaid minimum wages, overtime compensation, and related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by St. Joseph's Hospital Health Center; Trinity Health Corporation and/or Trinity Health, and/or any other entities affiliated with or

1

controlled by St. Joseph's Hospital Health Center; Trinity Health Corporation and/or Trinity Health, (hereinafter "Defendants") in trades and occupations entitled to receive overtime compensation.

2. Beginning in May 2015 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wage and overtime wages for work they performed as mandated by federal and state law.

3. Beginning in May 2015 and continuing through the present, Defendants have engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including straight time wages, minimum wages, and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## **JURISDICTION**

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

6. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## **VENUE**

8. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

9. Plaintiff Terisa Hudson is an individual who is currently a resident of Onondaga County, New York, and was employed as a Licensed Practical Nurse by Defendants at St. Joseph's Hospital Health Center located at 301 Prospect Avenue, Syracuse, New York 13203, and more specifically at St. Joseph's Primary Care Center West, located at 321 Gifford Street, Syracuse, New York 13204, from October 2015 through January 2021.

10. Upon information and belief, Defendant St. Joseph's Hospital Health Center is a Domestic Not-For-Profit corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 301 Prospect Avenue, Syracuse, New York 13203.

11. Upon information and belief, Defendant Trinity Health Corporation is a Not-For-Profit corporation organized and existing under the laws of the State of Indiana and authorized to do business within the State of New York, with a principal place of business at 20555 Victor Parkway, Livonia, Michigan 48152.

12. Upon information and belief, Defendant Trinity Health is a Not-For-Profit corporation organized and existing under the laws of the State of Indiana and authorized to do business within the State of New York, with a principal place of business at 20555 Victor Parkway, Livonia, Michigan 48152.

13. At all times relevant to this action, Defendants constituted Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq.*

## CLASS ALLEGATIONS

14. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

15. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

16. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendants as licensed practical nurses, nurses' aides, registered nurses, medical assistants, emergency medical technicians, therapists and other employees performing similar medical-related and/or therapy-related tasks in furtherance of Defendants' operations at its various medical facilities.

17. Plaintiffs are all victims of Defendants' common policy and/or plan to violate the FLSA and New York Labor Law by failing to pay overtime compensation at one and one-half the regular hourly rate for hours in excess of 40 per week.

18. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

19. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant paid overtime compensation when owed and (2) whether Defendant failed to provide New York Plaintiffs with proper wage notices during the time of their employment.

20. The claims of the Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendants' policies and willful practice of failing to pay overtime wages and other wage violations.

21. Named Plaintiff and her counsel will fairly and adequately protect the interests of the

putative class.  Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

23. Plaintiffs repeat and re-allege the foregoing allegations hereof.

24. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

25. This action is brought on behalf of Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendants as licensed practical nurses, nurses' aides, registered nurses, medical assistants, emergency medical technicians, therapists and other employees performing similar medical-related and/or therapy-related duties in furtherance of Defendants' operations at its various medical facilities.

26. While working for Defendants, Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving proper minimum wages and overtime compensation, as required by applicable federal and state law.

27. For example, beginning in approximately October 2015 and continuing through January 2021, named Plaintiff Terisa Hudson would typically be scheduled to work four, but sometimes five, days per week between Monday and Friday. Her shifts varied between eight hour shifts and 12-hour shifts. Plaintiff's total hours worked in a week often exceeded 40.

28. Defendants paid Plaintiff Terisa Hudson and those similarly situated biweekly.

29. Rather than pay Plaintiff Terisa Hudson and those similarly situated overtime compensation at the rate of time and one-half for all hours worked past 40 in a week, Defendants instead only paid overtime rates if Plaintiff Terisa Hudson and those similarly situated worked over 80 hours for the biweekly pay period.

30. If Plaintiff Terisa Hudson and those similarly situated worked over 40 hours during one week of the biweekly period, and less than 40 hours the other week of the biweekly pay period, and the total hours worked was 80 or less, Defendants did not pay Plaintiff Terisa Hudson and those similarly situated the required overtime rate of pay for the hours exceeding 40 in that week in which she worked over 40 hours.

31. As a result, Plaintiff Terisa Hudson and those similarly situated would receive straight-time compensation for overtime hours worked past 40 if the hours for the biweekly period did not exceed 80.

32. Sometime in 2016, Plaintiff Terisa Hudson inquired with Defendants' Human Resources Office regarding its failure to pay overtime wages as alleged herein and at that time she was informed by Human Resources that overtime was only paid when biweekly hours exceeded 80.

33. Defendants consistently and repeatedly used this method of paying straight time wages for overtime hours, through the practice of paying overtime wages only when more than 80 hours in a biweekly period were worked, across the members of the putative class.

## FIRST CAUSE OF ACTION:
## FLSA OVERTIME WAGE COMPENSATION

34. Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

35. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

36. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

37. Plaintiff and similarly situated potential plaintiffs are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

38. Defendants are "employers," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and, consequently, are liable for violations of FLSA.

39. Defendants failed to pay Plaintiff and similarly situated potential plaintiffs all earned overtime wages, at the rate of one and one-half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

40. The failure of Defendant to pay Plaintiff and similarly situated potential plaintiffs their rightfully owed wages and overtime compensation was willful.

41. By the foregoing reasons, Defendant is liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION:**
**NEW YORK OVERTIME WAGE COMPENSATION**

7

42. Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

43. Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

44. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

45. Upon information and belief, Plaintiff and similarly situated potential plaintiffs regularly worked more than forty 40 hours a week while working for Defendant.

46. Upon information and belief, Plaintiff and similarly situated potential plaintiffs did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

47. Consequently, by failing to pay to Plaintiff and similarly situated potential plaintiffs overtime compensation, Defendant violated 12 NYCRR § 142-2.2 and Plaintiff and similarly situated potential plaintiffs are entitled to damages under New York Labor Law § 663.

48. Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiffs and similarly situated potential plaintiffs was willful.

49. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2, and are liable to Plaintiff and similarly situated potential plaintiffs in an amount to be determined at trial, plus interest, damages, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ANNUAL WAGE NOTICES UNDER NYLL

50. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

51. Defendants have willfully failed to supply Named Plaintiff and putative class members with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

52. Plaintiffs did not receive all required wage notices during their employment with Defendants.

53. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

54. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $5000, together with costs and reasonable attorney's fees.

55. By the foregoing reasons, Defendants have violated NYLL § 195(1) and are liable to the Plaintiffs under NYLL § 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demands judgment:

(1) On the first cause of action against Defendants, the amount of unpaid wages and overtime wages to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus interest, attorneys' fees and costs;

(2) On the second cause of action against Defendants, the amount of unpaid wages and overtime wages to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus interest, attorneys' fees and costs; and

(3) On the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) such other and further relief as this Court may deem just and proper.

Dated: August 18, 2021

> By: /s/ Frank S. Gattuso
> Frank S. Gattuso, Esq.
> GATTUSO & CIOTOLI, PLLC
> The White House
> 7030 E. Genesee Street
> Fayetteville, New York
> 315-314-8000 (tel)
> 315-446-7521 (fax)
> fgattuso@gclawoffice.com
> Bar no. 513636
>
> and
>
> James Emmet Murphy, Esq.
> VIRGINIA & AMBINDER, LLP
> 40 Broad Street, 7th Floor
> New York, New York 10004
> Tel:   (212) 943-9080
> Fax:   (212) 943-9082
> jmurphy@vandallp.com
>
> *Attorneys for the Plaintiff and putative class*