**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TERISA HUDSON,**

                  **Plaintiff,**

              v.

**ST. JOSEPH'S HOSPITAL HEALTH
CENTER et al.,**

                  **Defendants.**
_____

**5:21-cv-935
(GLS/TWD)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Gattuso & Ciotoli, PLLC
The White House
7030 East Genesee Street
Fayetteville, NY 13066

Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, NY 10004

**FOR THE DEFENDANTS:**
Littler, Mendelson Law Firm
375 Woodcliff Drive, 2nd Floor
Fairport, NY 14450

**OF COUNSEL:**

FRANK S. GATTUSO, ESQ.

JAMES E. MURPHY, ESQ.
MICHELE A. MORENO, ESQ.

JACQUELINE P. POLITO, ESQ.
ERIN TRAIN, ESQ.

**Gary L. Sharpe
Senior District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Terisa Hudson brings this putative class action against defendants St. Joseph's Hospital Health Center, Trinity Health Corporation, and Trinity Health, alleging violations of overtime compensation pursuant to Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), and failure to provide annual wage notices pursuant to New York State law.  (Am. Compl., Dkt. No. 23.)  Now pending is defendants' motion to dismiss the amended complaint, (Dkt. No. 27), and Hudson's cross-motion to amend, (Dkt. No. 28).  For the reasons stated below, defendants' motion to dismiss is granted and Hudson's motion to amend is denied.[1]

## II. Background

### A. Facts[2]

---

[1] Hudson filed a notice of cross-motion to amend, (Dkt. No. 28), however, she did not attach a copy of the proposed amended pleading to her motion papers in accordance with Local Rule 15.1(a).  Accordingly, Hudson's cross-motion to amend is denied for failing to comply with Local Rule 15.1.  *See Campanella v. BAC Home Loans Serv., LP*, No. 1:10-CV-0683, 2012 WL 13028913, at * 6 (July 11, 2012) (denying cross-motion to file a second amended complaint because the plaintiff did not attach a proposed amended pleading to his motion papers).  However, as discussed below, Hudson is given leave to seek further amendment in full compliance with the Local Rules of Practice.

[2] Consistent with the standard of review, the facts are drawn from Hudson's amended complaint, and presented in the light most favorable to

2

Hudson was employed as a Licensed Practical Nurse at St. Joseph's Hospital Health Center from October 2015 through January 2021. (Am. Compl. ¶ 9.) During her employment, "Hudson would typically be scheduled to work four, but sometimes five, days per week between Monday and Friday," with her shifts varying in duration between eight hours and twelve hours. (*Id.* ¶ 36.) Hudson "typically worked anywhere from [thirty-two] to [sixty] hours" a week, and she often exceeded forty hours in a single workweek. (*Id.* ¶¶ 36-37.) Employees were paid on a biweekly basis and were paid overtime rates if the employee's hours exceeded eighty hours for the biweekly period, rather than exceeding forty hours in one week. (*Id.* ¶¶ 38-39.) "In weeks when . . . Hudson . . . worked over [forty] hours during one week of the biweekly period, and less than [forty] hours the other week of the biweekly pay period, and the total hours worked was [eighty] or less," Hudson did not receive overtime pay for the workweek in which she exceeded forty hours. (*Id.* ¶ 40.) In 2016, Hudson inquired with defendants' Human Resources Office regarding overtime compensation, which confirmed "that overtime was only paid when biweekly hours exceeded [eighty]." (*Id.* ¶¶ 42-43.)

---

her.

**B.     Procedural History**

Hudson filed her complaint in August 2021.  (Dkt. No. 1.) Defendants thereafter moved to dismiss the complaint.  (Dkt. No. 20.) Hudson amended the complaint as a matter of course and defendants again moved to dismiss the complaint for failure to state a claim.  (Dkt. No. 27.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

### IV.  Discussion

**A.     Trinity Defendants**

Defendants seek dismissal of Hudson's claims against Trinity Health Corporation and Trinity Health (hereinafter the "Trinity Defendants"), arguing that Hudson has not sufficiently alleged an employment relationship with the Trinity Defendants.  (Dkt. No. 27, Attach. 2 at 14-28.)

Defendants maintain, among other things, that Hudson has not pleaded facts to support that the Trinity Defendants form a single, integrated enterprise with St. Joseph's Hospital Health Center.  (*Id.* at 17, 20.) Hudson counters that St. Joseph's "operates as a single integrated enterprise and/or as joint employers with the Trinity Defendants" and that all defendants "share a common business purpose and maintain control, oversight, and direction over operations of the services performed by [Hudson], including employment practices."  (Dkt. No. 28, Attach. 1 at 11.)

"[W]hether an employer-employee relationship exists for the purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'"  *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)).  Under the "economic reality" test, the relevant factors include "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'"  *Id.* at 142 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

"[A]n employees, who is . . . employed on the books of one entity,

which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citation omitted).  Courts consider the following factors to determine if multiple defendants constitute a single integrated enterprise: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 2018, 2013) (citing *Cook v. Arrowsmith Shelbourne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995)).

Here, Hudson alleges that defendants "operate as a single integrated enterprise an/or as joint employers" and that "[d]efendants share a common business purpose and maintain common control, oversight, and direction over the operations of the services performed by [Hudson], including employment practice." (Am. Compl. ¶¶ 14-15.)  The court is satisfied that, at this stage, Hudson has adequately pleaded that St. Joseph's and the Trinity Defendants operated as a single integrated enterprise, and, thus, qualify as a single statutory employer under the

FLSA. Although discovery may support defendants' argument that the Trinity Defendants are not related to St. Joseph's, Hudson has alleged sufficient facts that defendants form a single integrated enterprise. *See Jian Ping Lin v. Monda Window & Door Sys., Inc.*, No. 17-cv-3737, 2018 WL 4403384, at *3 (E.D.N.Y. Aug. 7, 2018) (finding that plaintiff's allegations, among other things, that the defendant corporations had "a high degree of interrelated and unified operation, shared common management, centralized control of labor relations, common ownership, common control, common website, common business purposes, and interrelated business goals" was sufficient to survive a motion to dismiss. (internal quotation marks omitted)), *report & recommendation adopted by* 2018 WL 4388450 (E.D.N.Y. Sept. 14, 2018). Accordingly, the court rejects defendants' argument that Hudson failed to allege an employment relationship with the Trinity Defendants,[3] but the Trinity Defendants may

---

[3] Defendants also contend that all claims against the Trinity Defendants should be dismissed due to lack of standing because Hudson has not adequately alleged an employment relationship with them. (Dkt. No. 27, Attach. 2 at 29-31.) Specifically, defendants argue that Hudson relies on a single integrated enterprise theory to establish an employment relationship with the Trinity Defendants and such theory is insufficient to satisfy the standing requirement of Article III. (*Id.* at 30-31.) To support their argument, defendants rely on *Cavallaro v. Umass Mem'l Health Care, Inc.*, which states that "allegations of defendants' involvement in a

renew such arguments at a later stage.

## B.     FLSA and NYLL Overtime Compensation

Defendants seek dismissal of Hudson's overtime claims, arguing that she has not sufficiently alleged that she worked overtime for which she was not compensated.  (Dkt. No. 27, Attach. 2 at 8-14.)  Relying primarily on three cases from the Second Circuit Court of Appeals, defendants contend that Hudson's allegation that she would "typically" work four to five shifts per week and her shifts "varied" between eight and twelve hours is "too generalized and imprecise to support a reasonable inference that [Hudson] worked more than forty hours in any given week." (*Id.* at 8 (citing *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, (2d Cir. 2013); *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013); *DeJesus v. HF Mgmt. Servs., LLC*, 726

---

'common enterprise' [is] unrelated to the existence of an employer-employee relationship, and therefore insufficient to create standing to sue under the FLSA . . . . Thus, the question of plaintiff's standing turns on whether she has sufficiently alleged that she was 'employed' by defendants, as that concept is interpreted in the context of the FLSA."  971 F. Supp. 2d 139, 146 (D. Mass. Jan. 28, 2013).  The court is not persuaded by defendants' argument.  As discussed above, *see supra* Part IV.A, Hudson has adequately alleged an employment relationship with the Trinity Defendants in the context of the FLSA, and, thus, she has standing to sue the Trinity Defendants.

8

F.3d 85 (2d Cir. 2013)).)  Moreover, defendants contend that Hudson's "allegations would require the court to speculate to identify a combination of her 'typically scheduled' shifts to amount to more than forty . . . hours per week," and such speculation is insufficient to state a plausible claim for relief.  (*Id.* at 11.)  Hudson maintains that her allegations are more than sufficient to state a plausible claim because the "factual details [in the amended complaint] are clear that . . . there were weeks in which [Hudson] worked in excess of forty hours, but [was] not compensated" at an overtime rate.  (Dkt. No. 28, Attach. 1 at 5.)  Specifically, Hudson asserts that her allegations, which "identif[y] the *exact* policy and practice resulting in unpaid overtime, . . . identif[y] exactly how long [her] shifts were, how many days she typically worked per week, her regular range of total hours worked, and that she often worked over [forty] hours in a week," include much more specificity than the allegations in the cases relied on by defendants.  (*Id*. at 5, 9-10.)

    Under both FLSA and the NYLL, an employer must compensate an employee for work that is in excess of forty hours per week "at a rate not less than one and one-half times the regular rate at which [s]he is employed."  29 U.S.C. § 207(a)(1); *see* 12 N.Y.C.R.R. § 142-2.2.  For

claims alleging overtime violations under FLSA and NYLL, to survive a motion to dismiss, "a plaintiff must sufficiently allege [forty] hours of work in a given work week as well as some uncompensated time in excess of the [forty] hours." *Lundy*, 711 F.3d at 114; *see DeJesus*, 726 F.3d at 89, 89 n.5. Additionally, "[p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. "Allegations that the plaintiff 'typically,' 'occasionally,' or 'often' worked certain shifts" are not sufficient to state a plausible claim because such allegations "invite[ ] speculation." *Watkins v. First Student, Inc.*, No. 17-CV-1519, 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018) (quoting *Lundy*, 711 F.3d at 114-15).

The Second Circuit has explained that the "requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *DeJesus*, 726 F.3d at 90 (quoting *Lundy*, 711 F.3d at 114). Rather, "[i]t was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554,

10

570 (2007)).  To satisfy this standard, plaintiffs are not required "to keep careful records and plead their hours with mathematical precision," but they are required to draw on their "memory and experience," to provide "sufficiently developed factual allegations."  *Id.*

The court agrees with defendants.  Hudson alleges that she "typically" worked thirty-two to sixty hours in a single week, "often" working more than forty hours in one week, (Am. Compl. ¶¶ 36-37), which are, on their own, insufficient to state a plausible claim.  *See Watkins*, 2018 WL 1135480, at *8.  Additionally, Hudson does not allege that she was denied overtime compensation for every week she worked over forty hours, rather, she claims to have been denied overtime in a specific instance– when she worked over forty hours in one week but her biweekly hours did not exceed eighty hours.  (*Id.* ¶ 40.)  Based on the allegations, it is unclear whether Hudson was ever denied overtime to which she was entitled.  Hudson indicates that she was not compensated at an overtime rate "in weeks" when she worked forty hours in one week of the biweekly pay period but her biweekly hours did not exceed eighty, (*id*.), however, there are no allegations of how frequently this scenario occurred, if ever, or the length of her uncompensated work during these weeks, nor does she

11

point to a specific week or biweekly period in which she did not receive overtime compensation.  *See Gregory v. Stewart's Shops Corp.*, No. 7:14-cv-33, 2015 WL 893058, at *2-3 (N.D.N.Y. Mar. 2, 2015) (finding that two plaintiffs pleaded a plausible FLSA overtime claim where they identified one specific workweek in which their hours exceed forty and the length of their uncompensated overtime, and dismissing one plaintiff's claim where they merely alleged "[fifteen] minutes per day of uncompensated . . . time" but did not allege any week in which her hours exceed forty); *Bustillos v. Academy Bus, LLC*, No. 13 Civ. 565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (dismissing plaintiff's overtime claim because plaintiff's allegations that his work schedule varied and that he regularly worked from sixty to ninety hours per week amounted to the conclusory assertion that he "worked some number of excess hours in some unidentified week").  While Hudson's allegations make it conceivable that she did not receive some overtime compensation, absent any specificity as to the frequency, length, or dates of her unpaid work, her allegations invite speculation and do not nudge her claims from conceivable to plausible.  *See DeJesus*, 726 F.3d at 90; *see also Watkins*, 2018 WL 1135480, at *8.  Accordingly, defendants' motion to dismiss Hudson's FLSA and NYLL

overtime claims is granted.

## C. Remaining State Law Claim

As for Hudson's remaining state law claim for failure to provide annual wage notices, the court declines to exercise supplemental jurisdiction. "Although a federal court has discretion to retain jurisdiction over state law claims after the dismissal of the federal claims that created original jurisdiction, 'where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.'" *Clark v. Dominique*, 798 F. Supp. 2d 390, 408 (N.D.N.Y. 2011) (quoting *Klein & Co. Futures*, *Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).

## D. Leave to Renew

Finally, although Hudson's cross-motion to amend is denied for failure to comply with the Local Rules of Practice, as discussed above, *see supra* note 1, and Hudson has already amended once, Hudson is granted leave to renew her motion to amend in full compliance with the Local Rules of Practice within fourteen (14) days of this Memorandum-Decision and Order.

13

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that Hudson's cross-motion to amend (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that Hudson's amended complaint (Dkt. No. 23) is **DISMISSED**; and it is further

**ORDERED** that Hudson may renew her motion for leave to amend in full compliance with the Local Rules of Practice, within fourteen (14) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that, if no motion for leave to amend is filed, the Clerk shall close this case without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 23, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge